UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HEZRON STUART-EL, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:12-CV-1819 |
| § | |
| STEVEN T MILLER, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Plaintiff Hezron Stuart-El filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. On February 5, 2013, defendants Steven Miller, Thomas Gonzalez, Christopher Carter, Randall Cook, and Yusef McCree moved for partial summary judgment. For the reasons stated below, the defendants' motion is granted. Defendants Miller, Gonzalez, Carter, and McCree are dismissed from this case. Plaintiff's claim against defendant Cook in his official capacity is dismissed. One claim remains against defendant Cook in his individual capacity.

## I.   Background

At all times relevant to this case, plaintiff Hezron Stuart-El was an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). Stuart-El was assaulted by his cell mate on December 4, 2011. He alleges that, prior to the assault, he notified Officer Chelsea Norris that he was in danger, and that Norris notified Captain Lawrence Dawson, Jr. He also contends that he personally notified Dawson and Lieutenant Andrew Allen in writing. Stuart-El further alleges that defendant Cook was subsequently ordered to move either Stuart-El or his cell mate, but instead concluded that the situation was not serious, and told Stuart-El and his cell mate to

get along or notify another supervisor. Stuart-El asserts that he notified other authorities, who are not parties to this case, and was eventually assaulted and injured by his cell mate. *See* Complaint at V; More Definite Statement ("MDS") at 1-3.

Plaintiff alleges that defendant Miller, the Warden of the Estelle Unit, covered up the assault after it occurred. He alleges that Assistant Warden Carter falsified documents in an effort to cover up the incident. He alleges that defendant McCree failed to report the assault. He alleges that defendant Cook failed to take action to protect him from the assault. He alleges that defendant Gonzalez failed to report the incident and failed to intervene in the assault. *See* Complaint at IV.B; MDS at 6.

## II.   Analysis

### A.   Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B. <u>Eleventh Amendment Immunity</u>

Stuart-El sues the defendants in both their individual and official capacities. *See* Response to Answer (Doc. # 24) at VI. He seeks $3,000,000 in compensatory and $3,000,000 in punitive damages from each defendant.

The Eleventh Amendment bars suits for money damages by individuals against states, including state agencies and departments. It also bars suit for money damages against state officials in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984). Thus, defendants are entitled to summary judgment on Stuart-El's claims against them in their official capacities.

### C. <u>Exhaustion Of Remedies</u>

Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007).

> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir., 2004) .

Defendants correctly note that plaintiff filed timely grievances, but that his grievances did not mention defendants Miller, Gonzalez,[1] Carter, or McCree as officials who he alerted to possible problems with his cell mate. *See*, Def. Exh. A at 1-2. Defendants acknowledge that plaintiff filed another Step 1 grievance that asserts that defendant McCree failed to file a disciplinary report against the cell mate. *See id.* at 54-55. This grievance also states that defendant Gonzalez witnessed the assault and escorted plaintiff for medical attention, but makes no allegations of wrongdoing by Gonzalez.

Plaintiff correctly observes that the Supreme Court, in *Jones*, rejected an argument that the exhaustion requirement necessarily requires an inmate to name all defendants in a grievance. *Jones*, 549 U.S. at 217. *Jones* held, however, that "proper exhaustion" is required, and that the definition of "proper exhaustion" is dependent on the requirements of the particular state grievance procedures. *Id.* at 217-18. The Michigan policy at issue in *Jones*

> did not contain any provision specifying who must be named in a grievance. MDOC's policy required only that prisoners "be as specific as possible" in their grievances . . . while at the same time the required forms advised them to "[b]e brief and concise," . . . ... The MDOC grievance form does not require a prisoner to identify a particular responsible party, and the respondent is not necessarily the allegedly culpable prison official, but rather an administrative official designated in the policy to respond to particular types of grievances at different levels.

*Id.* at 218. In contrast, the TDCJ Step 1 grievance form specifically requires the prisoner to "state *who*, what, when, where" in stating the grievance. *See*, *e.g.* Def. Exh. A at 54 (emphasis added). Thus, TDCJ does require an inmate to identify the persons who are the subjects of the grievance.

---

[1] One of the grievances mentions an O.I.G. Gonzalez, but defendants point out that this is not defendant Gonzalez.

Because the TDCJ grievance form requires an inmate to identify the specific individuals who are the subject of the grievance, plaintiff failed to comply with TDCJ grievance procedures in failing to identify defendants Miller, Gonzalez, and Carter. He thus failed to properly exhaust his administrative remedies, and these defendants are entitled to summary judgment.

The record shows, however, that plaintiff did identify defendant McCree as failing to file a report concerning the assault. He has therefore exhausted his administrative remedies against defendant McCree.

### D. Deliberate Indifference

To rise to the level of a constitutional violation, defendants' actions must exhibit deliberate indifference to the prisoner's needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference" is more than mere negligence, *Gamble*, 429 U.S. at 104-06, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

As noted above, plaintiff failed to exhaust his administrative remedies against defendants Miller, Gonzalez, and Carter, and they are entitled to summary judgment on that basis. Plaintiff does not plead, and there is no evidence, that plaintiff alerted defendant McCree that he was in any danger. At most, he alleges that McCree failed, after the fact, to follow TDCJ procedures on reporting the assault. Accepting these allegations as true, plaintiff fails to identify any deliberate indifference by McCree, any injury caused by McCree's acts or omissions, or any constitutional

right implicated by McCree's alleged failure to report. Thus, defendant McCree is entitled to summary judgment.

### E.  Conclusion

For the foregoing reasons, defendants' motion for partial summary judgment (Doc. # 27) is granted. Defendants Miller, Gonzalez, Carter, and McCree are dismissed from this case. Plaintiff's claim against defendant Cook in his official capacity is also dismissed. Plaintiff's claim against defendant Cook in his individual capacity remains.

## III.  Order

It is ORDERED that:

1. Defendants' motion for partial summary judgment (Doc. # 27) is GRANTED;

2. Defendants Miller, Gonzalez, Carter, and McCree are dismissed from this case; and

3. Plaintiff's claim against defendant Cook in his official capacity is dismissed.

SIGNED on this 8th day of July, 2013.

                                            Kenneth M. Hoyt
                                            United States District Judge