UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEZRON STUART-EL, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-1819 |
| | § | |
| STEVEN T MILLER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Hezron Stuart-El filed a complaint under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. In a previous order, this Court granted summary judgment to the defendants on all claims except one claim that defendant Randall Cook was deliberately indifferent to plaintiff's physical safety. Plaintiff subsequently moved for summary judgment on that claim. For the reasons stated below, the plaintiff's motion is DENIED.

**I.     Background**

At all times relevant to this case, plaintiff Hezron Stuart-El was an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). Stuart-El was assaulted by his cell mate on December 4, 2011. He alleges that, prior to the assault, he notified Officer Chelsea Norris that he was in danger, and that Norris notified Captain Lawrence Dawson, Jr. He also contends that he personally notified Dawson and Lieutenant Andrew Allen in writing. Stuart-El further alleges that defendant Cook was subsequently ordered to move either Stuart-El or his cell mate, but instead concluded that the situation was not serious, and told Stuart-El and his cell mate to get along or notify another supervisor. Stuart-El asserts that he notified other authorities, who are not parties to this case, and was eventually assaulted and injured by his cell mate. *See*

Complaint at V; More Definite Statement ("MDS") at 1-3.  Plaintiff alleges that defendant Cook failed to take action to protect him from the assault

## II.    Analysis

### A.    Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).    In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).  Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B.    Deliberate Indifference

To rise to the level of a constitutional violation, defendant's actions must exhibit deliberate indifference to the prisoner's needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference" is more than mere negligence, *Gamble*, 429 U.S. at 104-06, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

Plaintiff's motion for summary judgment does not cite to any specific evidence, but merely makes general reference to the entire record.  A review of that record, however, finds only an alleged hearsay statement that another prison official told Cook about plaintiff's

concerns. *See*, *e.g.*, More Definite Statement at 1-2. From this hearsay, plaintiff concludes that Cook was subjectively aware of a substantial risk of serious harm to plaintiff, and exhibited deliberate indifference by failing to move either plaintiff or his cell mate.

To find deliberate indifference on this record, a fact finder would have to accept, based solely on hearsay, that Cook was informed of plaintiff's concerns. The fact finder would then have to draw a series of conclusions from that hearsay, including that Cook understood that plaintiff was actually in danger, and that Cook failed to act as a result of deliberate indifference. While it may be the case that a fact finder could so find, a fact finder could also find that Cook's inaction was based on incomplete information, a lack of subjective understanding of the actual danger, or that Cook's failure to act did not rise to the level of deliberate indifference. In sum, plaintiff's evidence raises a genuine issue of material fact; it does not establish that Cook was deliberately indifferent. Therefore, summary judgment is not appropriate at this time.

### C. Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment is denied.

## III. Order

It is ORDERED that plaintiff's motion for summary judgment (Doc. No. 33) is DENIED.

SIGNED on this 1st day of May, 2014.

_____
Kenneth M. Hoyt
United States District Judge